**AFFIRMED AS MODIFIED and Opinion Filed September 23, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00995-CR**
**No. 05-21-01076-CR**

**MARTIN DAVILACONTRERAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-2141090-R and F-2141089-R**

## MEMORANDUM OPINION

Before Justices Myers, Pedersen, III, and Garcia
Opinion by Justice Garcia

Appellant Martin Davilacontreras pleaded guilty without plea-bargain agreements to two offenses: the third-degree felony of evading arrest or detention with a motor vehicle and the first-degree felony of possession with intent to deliver cocaine in an amount of at least four but less than two hundred grams. After a hearing, the trial judge found him guilty of both offenses and sentenced him to five years' imprisonment for each offense, to be served concurrently. Appellant timely appealed.

Appellant's court-appointed attorney has filed a brief in which she concludes that this appeal is wholly frivolous and without merit. Counsel also filed a motion to withdraw in which she states that she sent copies of the record, the brief, and the motion to appellant. Appellant was advised of his right to file a pro se response, but he did not file a response.

Under these circumstances, we must conduct our own review of the record and independently determine whether any arguable grounds for appeal exist. *See Anders v. California*, 386 U.S. 738, 744 (1967). If we conclude that counsel has exercised professional diligence in reviewing the record for error and agree that the appeal is frivolous, we should grant counsel's motion to withdraw and affirm the trial court's judgment. *See In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding).

Counsel's brief presents a professional evaluation of the record showing why there are no arguable grounds to advance on appeal. We conclude it meets the requirements of *Anders*. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) (discussing minimum requirements for *Anders* briefs).

In a letter brief, the State agrees that there are no arguable issues for reversal but identifies an error that appellant's counsel overlooked—the trial judge failed to orally admonish appellant about the possible negative effects a guilty plea could have under immigration law. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4), (d), (d-1) (requiring this admonishment to be delivered orally and in writing).

–2–

Nevertheless, the State argues, and we agree, that this error does not present an arguable issue. The record shows that appellant is a United States citizen, so any failure to admonish him about the immigration consequences of his guilty pleas is harmless error. *See VanNortrick v. State*, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007) ("[W]hen the record shows a defendant to be a United States citizen, the trial court's failure to admonish him on the immigration consequences of his guilty plea is harmless error."). Thus, the error does not present an arguable issue. *See Thurman v. State*, No. 05-20-00790-CR, 2021 WL 4958993, at *1 & n.1 (Tex. App.—Dallas Oct. 26, 2021, no pet.) (mem. op., not designated for publication) (concluding that appeal was frivolous even though trial court committed the same error on essentially the same facts). [1]

Having reviewed the record and counsel's brief, we conclude that nothing in the record might arguably support the appeal and that the appeal is frivolous.

---

[1] We limit our holding to the facts presented in this case: if the record affirmatively shows that a defendant is a United States citizen, the trial judge's erroneous failure to give an oral admonishment about immigration consequences does not present an arguable issue that makes an *Anders* brief inappropriate. We distinguish our recent decision in *Jessie v. State*, in which we struck an *Anders* brief for failure to discuss several potential errors appearing in the record, only one of which was failure to give an immigration-consequences admonishment. No. 05-20-00995-CR, 2022 WL 1164657, at *2–3 (Tex. App.—Dallas Apr. 20, 2022, order) (mem. op., not designated for publication) (also noting a defect in an indictment and multiple errors in the judgments). And we distinguish this case from those in which the admonishment is not given and the defendant's citizenship does not appear on the face of the record. *See Gist v. State*, No. 07-08-0030-CR, 2009 WL 1577968, at *1–2 (Tex. App.—Amarillo June 5, 2009, order) (per curiam) (mem. op., not designated for publication) (requiring rebriefing because trial judge did not give immigration-consequences admonishment), *disp. on merits*, 2009 WL 3320203 (Tex. App.—Amarillo Oct. 14, 2009, no pet.) (mem. op., not designated for publication) (affirming conviction because, although original appellate record was silent as to defendant's citizenship, supplemental record showed that he was a United States citizen).

The State asks us to correct certain errors in the judgments that do not present arguable issues. We have the power to do so. *See, e.g.*, *Blais v. State*, No. 05-20-00556-CR, 2021 WL 2010269, at *2–3 (Tex. App.—Dallas May 20, 2021, no pet.) (mem. op., not designated for publication) (correcting errors after concluding that appeal was frivolous).

First, the State calls our attention to two errors in the cocaine-possession judgment. That judgment identifies the "Offense for which Defendant Convicted" as "POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DELIVER TO WIT; COCAINE," but it should identify the offense as "POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DELIVER, TO WIT: COCAINE, IN AN AMOUNT OF 4 GRAMS OR MORE BUT LESS THAN 200 GRAMS." And the judgment identifies the "Statute for Offense" as "481.112 Health and Safety Code," but it should identify the statute as "481.112(d) Health and Safety Code." We modify the judgment to correct both errors. *See* TEX. R. APP. P. 43.2(b).

Second, both judgments assess court costs against appellant in the amount of $290. The State asserts that this violates Texas Code of Criminal Procedure Article 102.073. We agree and accordingly delete the assessment from the evading-arrest

judgment. *See Blais*, 2021 WL 2010269, at \*3 (granting similar relief after concluding appeal was frivolous).[2]

We grant counsel's motion to withdraw, modify the judgments as discussed above, and affirm the judgments as modified.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
210995F.U05

---

[2] We have held that the erroneous inclusion in the judgment of a fine that was not orally pronounced presents an arguable issue that must be raised in a proper brief on the merits. *Torres v. State*, No. 05-01-00338-CR, 2002 WL 89385, at \*1 (Tex. App.—Dallas Jan. 24, 2002, order) (per curiam) (not designated for publication), *disp. on merits*, 2002 WL 1603201 (Tex. App.—Dallas July 22, 2002, no pet.) (not designated for publication). But court costs are different from fines—court costs are not part of the sentence, and they need not be orally pronounced. *See Johnson v. State*, 423 S.W.3d 385, 389, 390 (Tex. Crim. App. 2014). Accordingly, we follow *Blais* and correct the error without ordering rebriefing.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MARTIN DAVILACONTRERAS,
Appellant

No. 05-21-00995-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F-2141090-R. Opinion delivered by Justice Garcia. Justices Myers and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- the field labeled "Offense for which Defendant Convicted" is modified to read as follows: "POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DELIVER, TO WIT: COCAINE, IN AN AMOUNT OF 4 GRAMS OR MORE BUT LESS THAN 200 GRAMS" and

- the field labeled "Statute for Offense" is modified to read as follows: "481.112(d) Health and Safety Code."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered September 23, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MARTIN DAVILACONTRERAS,
Appellant

No. 05-21-01076-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-2141089-R.
Opinion delivered by Justice Garcia.
Justices Myers and Pedersen, III
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

The assessment of $290 for court costs is deleted.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered September 23, 2022.